CARTER, Judge.
ON REMAND
Norman Jaeckle brought this suit against his former employer, Dresser Industries, Inc., to recover permanent total disability benefits under the Louisiana Worker’s Compensation Law for a back injury which occurred during the course and scope of his employment. The trial judge rendered judgment in favor of Dresser, finding that Jaeckle was not disabled on the date of trial and, therefore, was not due compensation beyond the date payment was terminated. This court affirmed with one judge dissenting.[1]
Thereafter, on Jaeckle’s writ application, the Louisiana Supreme Court granted cer-tiorari and reversed the decision of this court and remanded to this court.[2] The Supreme Court concluded the trial judge was clearly wrong in finding Jaeckle did not prove he was disabled by a preponderance of the evidence and held he was entitled to compensation benefits. Since this court affirmed the judgment of the trial court and found no disability, we did not reach the issue of the amount of compensation to which Jaeckle is entitled.
Although Jaeckle is entitled to benefits based upon the decision of the Louisiana Supreme Court, we are unable to determine what type of disability benefits Jaeckle is entitled to receive under LSA-R.S. 23:1221, which sets forth the varying types of benefits due under worker’s compensation gauged upon the nature and extent of injury.
Under the 1975 amendment of R.S. 23:1221, an injured employee is totally disabled, permanently or temporarily as the case may be, only if he is unable to return to any type of gainful employment or is unable to return to gainful employment because of substantial pain. An employee is partially disabled if he cannot return to *67 work in his former employment because of his injury or substantial pain therefrom, but can perform gainful work in another position without substantial pain. McBroom v. Argonaut Insurance Co., 370 So.2d 212 (La.App. 3d Cir.1979), writ denied, 371 So.2d 1342 (1979) and the cases cited therein.
Although Jaeekle is unable to return to his former position, it is unclear from the record whether he will be able to return to his former occupation given time to recover. We are also unable to determine the severity of the pain Jaeekle would experience were he to return to a lighter occupation than that of wire line operator, his occupation at the time of the injury. Furthermore, no evidence is available as to the possibility of retraining Jaeekle for another occupation. Although Jaeekle is disabled, these matters remain to be determined before judgment can be rendered awarding specific worker’s compensation benefits.
When it is established that a worker has become impaired in a physical function or a bodily member, but the record is insufficient to determine the extent of impairment, .the case should be remanded. Shatoska v. International Grain Transfer, Inc., 430 So.2d 1255 (La.App. 1st Cir.1983). Similarly to Shatoska, we find that additional medical and lay testimony concerning the extent of plaintiffs injuries, the severity of pain and plaintiffs employability in a different occupation must be taken for the matter to be properly adjudicated.
Accordingly, we remand the case to the trial court for further proceedings consistent with the views expressed by the Supreme Court[3] and consistent with the views expressed herein and for the awarding of benefits after due consideration of the evidence received. All costs to be borne by the defendant.
REMANDED.

. 447 So.2d 15 (La.App. 1st Cir.1984).

. Jaeckle v. Dresser Industries, Inc., 457 So.2d 646 (La.1984).

. See Footnote 2.