489 So.2d 984 (1986)
Linda LEWIS
v.
PICCADILLY, INC., and Aetna Casualty and Surety Company.
No. 84-CA-1167.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*985 H. Neil Young, Houma, for plaintiff and appellee.
Frederick A. Miller, New Orleans, for defendants and appellant.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Linda Lewis, plaintiff, working as a cook for the Piccadilly Cafeteria in Houma, Louisiana, in July, 1982, was mixing bread dough in a commercial mixer. The machine suddenly tilted forward, catching her right thumb in the dough hook.
Plaintiff went immediately to Terrebonne General Hospital where staff personnel diagnosed a fractured thumb. She was treated for the next three weeks by her family physician. During that time he noticed signs of infection and referred Miss Lewis to an orthopedic surgeon, A.D. Walker, M.D. Dr. Walker performed minor surgery on the thumb and treated plaintiff on numerous occasions between August 1982 and June 1983.
In April, 1983, plaintiff sued Piccadilly, Inc., and its insurer, Aetna Casualty & Surety Company, for workmen's compensation. The parties stipulated that Miss Lewis's accident was in the course and scope of her employment and that Aetna was liable as Piccadilly's insurer. They agreed further that Aetna had already paid $825.69 in workmen's compensation benefits for the period August 5-13, 1982, and for September 7-October 18, 1982. Concerning medical benefits, the parties stipulated that Aetna had paid $5,861.20.
The question was then narrowed to the amount of benefits due. The remainder of the case was submitted on the basis of Dr. Walker's deposition and on post-trial briefs.
The court awarded plaintiff 41 weeks of benefits at $126.00 per week for a total of $5,166.00, less a credit for the $825.69 already paid. The court also awarded plaintiff $1,580.00 in past-due medical bills and $352.50 as the cost of taking Dr. Walker's deposition. Defendants appealed.
Dr. Walker testified that Linda Lewis had a fractured right thumb with clinical signs of infection when he first saw her in August of 1982. He placed her on antibiotics and noticed some improvement on her second visit on September 7. By September 20, however, her condition had worsened. Dr. Walker admitted plaintiff to Terrebonne General Hospital where she was treated with intravenous antibiotic therapy. Three days later, after there was no significant improvement, Dr. Walker performed surgery consisting of an incision and drainage. The wound was left open. She was returned to surgery on September 28 for further treatment and wound closure. He discharged Miss Lewis on September 29, after a nine-day hospital stay.
Plaintiff complained of pain in her thumb on subsequent visits. On December 2, 1982, Dr. Walker found a loss of about 20 degrees of flexation in the thumb. When plaintiff returned approximately six months later on June 13, 1983, Dr. Walker found the same loss of flexation and mild pain persisting. He discharged Miss Lewis at that time.
The primary question in this appeal is whether the trial court abused its discretion in awarding benefits for 41 weeks, ending on June 13, 1983.
In workmen's compensation cases, plaintiff bears the burden of proving the nature and scope of his disability by a preponderance of the evidence. Jaeckle v. Dresser Industries, Inc., 457 So.2d 646 (La. 1984). The question whether or not plaintiff carried this burden must be determined by examining the totality of the evidence. *986 Dany v. Argonaut Insurance Co., 421 So.2d 331 (La.App. 1st Cir.1982). The trial judge has much discretion in determining the length of benefits, and will only be reversed if he is clearly wrong. Puglisi v. Saia Motor Freight Lines, 422 So.2d 1363 (La.App. 1st Cir.1982). However, when a trial judge relies on the deposition of a witness, the "clearly wrong" standard does not apply since the trial judge is in no better position to assess credibility than an appellate court. F & S Offshore, Inc., v. Service Machine & Shipbuilding Corporation, 430 So.2d 1167 (La.App. 1st Cir.1983).
After thoroughly evaluating the record, we conclude that the trial judge awarded more weekly compensation payments than can be justified. Dr. Walker stated in his letter to Aetna dated December 6, 1982, regarding Miss Lewis, "I would expect that she will have obtained maximum rehabilitation from this injury in approximately two months. Any disability which persists at that time will be considered permanent." He gave plaintiff an appointment for re-evaluation in early February, 1983. For reasons not explained in the record, plaintiff failed to appear and was not seen again by the doctor until June 13, 1983, when she was discharged from treatment.
We think the trial court was incorrect in awarding payments past the date when plaintiff was due to be examined. The doctor could have discharged her on that occasion. Moreover, rewarding plaintiff's unjustified lack of due diligence would be inequitable. Accordingly, we reduce the period from 41 weeks to 29 weeks at $126.00 per week. This decreases the award from $5,166.00 to $3,654.00. Subtract from that the $825.69 previously paid by Aetna, and the amended compensation award is $2,828.31. We affirm the trial court's judgment of $1,580.00 for unpaid medical bills, bringing the total award to $4,408.31.
Judicial interest on compensation payments is to be calculated from the due date of each weekly payment. Interest on the unpaid medical bills runs from the date of judicial demand or from the date on which the services were performed, whichever is later. The amount of $352.50 awarded by the trial court for taking Dr. Walker's deposition is affirmed as costs.
All other costs are taxed to defendants.
AFFIRMED IN PART, AMENDED IN PART, AND RENDERED.