LeBLANC, Judge.
This is an appeal from a judgment by the lower court which overruled an exception of prematurity and ordered Eagle Welding and Fabrication, Inc., to guarantee payment of all medical bills from Terrebonne General Hospital for the lumbar surgery to be performed on the plaintiff, Sammy White. For the following reasons, we affirm the judgment of the trial court.
FACTS:
On May 19,1985, while in the course and scope of his employment with Eagle Welding and Fabrication, Inc., Sammy White injured his back while unloading washing machines from a pickup truck. The matter was submitted to the Office of Workers’ Compensation Administration for review. The office issued its recommendation on September 30, 1985. On November 8, 1985, a certificate of rejection was issued by the Department of Labor advising that one of the parties had rejected the claim.
On November 20, 1985, Sammy White filed suit in the 32nd Judicial District Court for the Parish of Terrebonne asking for temporary total compensation benefits, medical benefits, total and permanent disability benefits from May 19, 1985, penalties and attorney’s fees.
On May 15, 1986, a consent judgment was entered into between Eagle Welding and Sammy White wherein Mr. White’s compensation benefits were brought up to date and it was agreed that Eagle Welding would pay Sammy White all necessary medical benefits for future treatment of his work related injury.
On July 24, August 22, and September 2, 1986, Sammy White sent letters to Eagle Welding requesting that they make all the financial arrangements for the lumbar surgery recommended by Mr. White’s treating physician, Dr. Dexter Gary, an orthopedic surgeon. Eagle Welding has refused to guarantee payment for the surgery.
On September 30, 1986, Sammy White wrote to the Office of Workers’ Compensation Administration requesting a decision from that body with regard to the surgical recommendation of Dr. Gary. On October 22, 1986, Mr. White filed á motion to compel payment of medical expenses in the 32nd Judicial District Court. Eagle Welding filed an exception of prematurity on October 29, 1986, alleging that White’s motion to compel was premature because the issue had been submitted to the Office of Workers’ Compensation for determination, and such determination had not been made. By letter dated October 81,1986, the Office of Workers’ Compensation indicated that it would not exercise jurisdiction over the matter because their September 30, 1985, recommendation had been rejected and the matter had been submitted to the proper judicial district court.
On November 20,1986, White’s motion to compel payment and Eagle Welding’s exception of prematurity were heard before the trial judge. The court overruled the exception of prematurity and required Eagle Welding to guarantee payment for all medical bills for the lumbar surgery on Sammy White.
From this judgment, Eagle Welding sus-pensively appeals, urging two assignments of error.
*196 ASSIGNMENT OF ERROR NO. 1:
The appellant contends the trial court erred in concluding that appellee’s motion to compel payment of medical expenses was ripe for judicial determination in the absence of a determination by the Office of Workers’ Compensation Administration. We do not agree.
On October 31, 1986, the Office of Workers’ Compensation issued a decision rejecting jurisdiction on the claim for payment of the lumbar surgery on Sammy White. The office found that because the original September 30, 1985, recommendation was rejected and suit had been filed in the 32nd Judicial District Court, the Office of Workers’ Compensation no longer had jurisdiction.
The trial judge in his oral reasons for overruling the exception of prematurity found that the relief being sought by Sammy White was a matter of enforcing the original consent judgment; therefore, that court was the proper forum for the enforcement of the judgment and not the Office of Workers’ Compensation.
It is well established that, on appellate review, a factual determination by the trial court should not be reversed unless the trial judge is found to be clearly wrong from an examination of the record as a whole. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
After carefully reviewing the record, we cannot say the trial judge was clearly wrong in overruling the appellant’s exception of prematurity. The consent judgment signed by all parties in the 32nd Judicial District Court provided for appellant to pay to or on behalf of Sammy White all necessary medical expenses associated with his past or future medical treatment for his work related accident. If there is a dispute over whether certain medical expenses are necessary under the consent judgment, then the district court which rendered the judgment is the proper forum to litigate the dispute, not the Office of Workers’ Compensation.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
Appellant contends the trial court erred in requiring them to guarantee payment of Sammy White’s lumbar surgery.
After the accident on May 19,1985, Sammy White went to Dr. Herman Walker, a general practitioner in the Houma area, for complications to his back. Dr. Walker diagnosed the appellee’s injury as a reversed spondylosis at L5-S1, lumbosacral strain and degenerative arthritis in the lumbar spine. On July 1,1985, Dr. Walker ordered a CT Scan on L-l to S-l to be performed at Thibodeaux General Hospital. The CT Scan revealed that at the L5-S1 level “there was a small soft tissue prominence posterior to the body of S-l which could either be a bulge of the annulus or some minimal herniation of the nucleous pulpo-sus.”
Dr. Donald Judice, a neurosurgeon in Houma, saw Mr. White on September 20, 1985, upon Dr. Walker’s referral. Dr. Judi-ce diagnosed Mr. White’s condition as being a lumbar strain. When Sammy White’s back condition did not improve, Dr. Judice ordered a second CT Scan at Terrebonne General Hospital. Dr. Judice opined that Sammy White had a ruptured disc and recommended surgery.
Mr. White was examined by Dr. Robert Applebaum, a neurosurgeon, on March 4, 1986, and Dr. Russell Grunsten on April 15, 1986. At this time, both Dr. Applebaum and Dr. Grunsten did not believe Sammy White had an active nerve root irritation or a definite focal disc herniation. On July 7, 1986, a myelogram was performed by Dr. Dexter Gary. The myelogram showed a three millimeter central bulging disc herniation associated with vertebral body spon-dylosis at L5-S1. It also showed a two millimeter central bulge in the disc at L4-5 with the L-5 nerve root sheaths not filling in well on either side.
The myelogram was presented to Dr. Applebaum for his review. Dr. Applebaum stated that the myelogram showed some minimal bulging in the lower disc spaces, but does not show a ruptured disc. Dr. Applebaum found that from a neurological point of view, surgery was not necessary. *197 However, Dr. Applebaum concluded that whether a lumbar fusion would be of any benefit was an orthopaedic decision and he would defer to their expertise in that regard.
The medical evidence was also sent to Dr. Grunsten. Dr. Grunsten opined that Mr. White’s back condition was a result of a boney overgrowth involving the posterior inferior margin of L-5. According to Dr. Grunsten, Mr. White was not a candidate for laminectomy surgery but should be treated in a non-surgical manner.
It is clear under Louisiana law that the diagnosis and opinions of treating physicians are entitled to more weight than those of doctors examining the plaintiff for consultations for litigation purposes only. Jaecle v. Dresser Industries, Inc., 457 So.2d 646 (La.1984). The trial court found that Dr. Judice and Dr. Dexter Gary, the treating physicians, recommended the lumbar fusion as a necessary medical procedure for treating Sammy White’s back condition. We cannot say the trial court was manifestly erroneous in finding the surgery a necessary medical expense and, therefore, requiring the appellants to guarantee payment as provided under the consent decree.
For these reasons, the decision of the trial court is affirmed at appellants’ cost.
AFFIRMED.