CRAIN, Judge.
This is a worker’s compensation action. Johnie S. Jackson Hurd was employed as an accountant by Acme Brick Company (Acme). On April 10,1981, Hurd sustained work-related injuries while riding as a passenger in a motor vehicle which was involved in a collision. Hurd continued to work until June, 1982, when she underwent surgery for a nonwork-related bladder problem. Hurd has not returned to work at Acme since June, 1982.
On March 22, 1982, Hurd filed a petition for worker’s compensation alleging permanent and total disability as a result of the accident of April 10, 1981. After trial on the merits the trial court rendered judg-. ment in favor of defendant. From the judgment dismissing plaintiffs action, plaintiff appeals alleging as error the trial *495 court’s failure to award worker’s compensation benefits for plaintiff’s alleged total and permanent disability.
TOTAL AND PERMANENT DISABILITY
It is uncontested that on April 10, 1981, Hurd suffered a blow to the forehead and knee as a result of a work-related accident. Hurd received medical treatment for her injuries on the day of the accident and subsequent thereto, missing only occasional hours of work for medical appointments.
Hurd testified that she continued to complain of pain. As a result she was examined by Dr. Richard Bolton on August 18, 1981, at the request of Employers Casualty Company/Employers National Insurance Company (Employers), the worker’s compensation insurer. By letter to Employers, Dr. Bolton stated that plaintiff was probably experiencing residuals from a strain of the lumbar spine. He saw no evidence of a ruptured lumbar disc and was of the opinion that her symptoms would gradually abate with time. He further found that plaintiff exhibited signs and symptoms of chondromalacia of the right patella. He recommended only rest, heat and mild analgesics for the knee when symptomatic. He stated that the “problem will most probably improve with time, but she could have some continuing symptoms due to the chon-dromalacia of the patella.”
Plaintiff testified that she suffered low back and knee pain throughout the remaining time that she worked at Acme. This action was filed in March, 1982. On August 23, 1982, plaintiff was examined by Dr. John R. Clifford, neurosurgeon. Dr. Clifford testified by deposition that Hurd complained of intermittent low back and right lateral side pain. The physical examination revealed a mild degree of lumbar paraspinous muscle spasm; a full 90' flex-ion; no limitation of motion on the straight-leg-raising test; no pain upon internal and external rotation of the hips; no weakness of the muscles in the lower extremities; normal deep tendon reflexes; and a decreased sensation to pinprick and a distribution of the L-5 and the S-l nerve roots on the right side. The clinical evaluation was normal. However, due to the longstanding complaints of pain and the absence of clinical findings Dr. Clifford recommended that plaintiff undergo a myelo-gram, which plaintiff refused.
Plaintiff was next seen by Dr. Clifford on January 10, 1983. He again recommended a myelogram which plaintiff refused. A Dermatomal Sensory Evoked Response Test (DSER) was performed on plaintiff. The DSER suggested a lesion within the L-5 sensory root and a delay in the latency of S-l on the right. Dr. Clifford stated that the findings of the DSER were of “borderline significance.” When correlated with the physical examination, clinical and neurological findings, and other tests taken, in his opinion the loss of sensation at L-5, S-l did not indicate a nerve root problem.
Upon Dr. Clifford’s recommendation a CT scan was performed which showed a diffuse bulge at the L 4-5 level with minimal degenerative changes in the joints of the back. In Dr. Clifford’s opinion the CT scan was unimpressive: plaintiff did not have a ruptured disc and the degenerative changes indicated that plaintiff probably suffered from arthritis. He further stated that mild muscle spasm in a patient who can flex to 90° was not an impressive finding and the CT scan was probably normal for that particular patient. In his opinion plaintiff had probably suffered low back strain at the time of the accident. However, the tests, physical examination and clinical findings did not indicate that plaintiff suffered a ruptured disc and plaintiff was not disabled from doing clerical work.
The only other expert medical testimony offered was that of the court appointed physician, Dr. Robert Hanchey, neurosurgeon. Dr. Hanchey examined plaintiff on May 4, 1984. The physical examination revealed a mild inconsistency between the straight-leg-raising test performed in a sitting posture which was normal to 90° bilaterally, and straight leg raising in the recumbent posture to 80° on the right leg with back and right hip pain. There *496 was no muscle spasm. Plaintiff demonstrated a ratchet-type giving way weakness in the anterior tibialis on the right, not a smooth weakness which is an organic weakness. Dr. Hanchey was concerned that the muscle weakness exhibited by plaintiff was nonphysiologic, therefore, he performed a Hoover’s test whereby from a recumbent position the patient is made to place the palm of her left hand over the dorsum of her right foot and the palm of her right hand under the heel of her left foot. The patient is asked to elevate the right foot and vice versa. The physician is testing the muscles of the leg which is not being elevated. When plaintiff elevated the left leg she was able to forcefully contract the muscles of her right foreleg and press the heel of her right foot into the palm of her right hand, demonstrating good strength in the right leg. In Dr. Hanchey’s opinion, the results of the Hoover’s test indicate that the muscle weakness demonstrated in the initial examination was nonphysiologic.
Dr. Hanchey reviewed the CT scan and in his opinion the slight minimal annular bulge at L-4,5 was unimpressive and essentially normal for plaintiff’s age. He found no evidence of neuromuscular disability or any evidence of an organic basis for plaintiff’s complaints. However, he expressed no opinion regarding the complaints of knee pain.
“A claimant in a worker’s compensation proceeding bears the burden of proving to a legal certainty and by a reasonable preponderance of the evidence the nature and extent of his disability.” Jaeckle v. Dresser Industries, Inc., 457 So.2d 646, 648 (La.1984). After carefully reviewing the record we conclude that plaintiff failed to prove her alleged disability by a reasonable preponderance of the evidence. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
SHORTESS, J., concurs in part and dissents in part with reasons.