577 So.2d 806 (1991)
Charles DULL, Plaintiff,
v.
Richard GIBBS d/b/a A.A. Roman Marble and Bath, Defendant.
No. 22274-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*807 Robert A. Booth, Jr., Shreveport, for defendant-appellant.
Patricia A. Miramon, Shreveport, for plaintiff-appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Defendant, a self-insured employer, appeals an award of worker's compensation benefits, medical expenses, and attorney's fees. For reasons hereinafter expressed, we affirm.

FACTS
On August 22, 1989, plaintiff, Charles Dull, an employee of defendant, Richard Gibbs, d/b/a A.A. Roman Marble and Bath, spilled a chemical on his left ankle while cleaning equipment used in preparing marble. Initially experiencing no sensation of pain, he did not cleanse the affected skin area for several hours. The resulting prolonged exposure produced second and third degree burns, for which plaintiff received treatment at LSU Medical Center in Shreveport.
When defendant declined to pay the medical bills, and after rejection of the recommendation of the worker's compensation office, plaintiff instituted suit. The lower court, following an expedited trial, awarded temporary total disability benefits for five weeks and medical expenses of $376.54. Also, based on a determination that the employer acted arbitrarily and capriciously in failing to satisfy such treatment costs, the trial judge granted plaintiff $750 in attorney's fees. Defendant now appeals, asserting two assignments of error.

DISCUSSION

Attorney's Fees
In one assignment, defendant challenges the finding that his failure to pay medical expenses incurred at LSU Medical Center, a charity hospital, constituted arbitrariness.
Defendant, in testimony, admitted the possibility that the subject injury occurred on the job. Indeed, he agreed that the chemicals used in his business can cause burns such as those suffered. Further, he acknowledged receipt of the medical bills and an intent to pay, but stated that remittance had been delayed "waiting to see what happened here [at trial]."
In brief, however, defendant argues he cannot be held to have acted arbitrarily and capriciously toward plaintiff, who did not actually stand responsible for the bill or *808 experience denial of medical care through delinquency of the account. We disagree.
Failure of a self-insured employer to pay any claim due under the Worker's Compensation Act within sixty days after receipt of written notice, when such failure is found arbitrary, capricious, or without probable cause, shall subject the employer to payment of reasonable attorney's fees. LSA-R.S. 23:1201.2. If asserted defenses are presented in good faith, attorney's fees are not appropriate. Robichaux v. Terrebonne Parish Sch. Bd., 426 So.2d 241 (La.App. 1st Cir.1983).
The furnishing of medical care, establishing a debt between a government-supported hospital and a worker's compensation claimant, entitles the employee or his dependents to seek recovery for those expenses. Marty v. Western Auto Supply Company, 269 So.2d 583 (La.App. 4th Cir. 1972). Accord Lanoue v. Century Indemnity Co., 30 So.2d 207 (La.App. 1st Cir. 1947), writ denied, (La.1947). Such a rule conforms with LSA-R.S. 46:13, which provides:
Where a patient in any of the state charity hospitals or in any veterans administration hospital in the state comes within the provisions of the employer's liability laws, the superintendent or the director may make appropriate charges for services rendered to the patient, in accordance with charges of other first class hospitals, including physicians' and surgeons' fees; and the patient, the employer of the patient, and the compensation insurer of the employer shall be liable therefor in solido.

(Emphasis added).
Plaintiff introduced invoices, addressed to him from LSU Medical Center, designating him as the "guarantor" of the indebtedness. Nothing of record supports defendant's assertion that the medical expenses simply posed a problem for resolution between the employer and the hospital. Instead, the evidence adequately demonstrates that defendant's declination to pay for the treatment arose from neither a lack of notice of the claim nor a good faith defense that a compensable accident had not occurred.
The lower court, determining that defendant failed to propose a defense having a sound basis in fact or in law, properly found defendant arbitrary and capricious and ordered payment of attorney's fees. See LeBaron v. Louisiana Pacific Corp., 434 So.2d 496 (La.App. 2d Cir.1983), writ denied, 440 So.2d 758 (La.1983); Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2d Cir.1980), writ denied, 385 So.2d 793 (La.1980). Accordingly, this assignment is without merit.

Duration of Disability
Citing lack of substantiating medical evidence, defendant next complains that the trial judge arbitrarily set the period of disability at five weeks.
A worker's compensation claimant, of course, bears the burden of proving the nature and scope of his disability to a legal certainty and by a preponderance of the evidence. Jaeckle v. Dresser Industries, Inc., 457 So.2d 646 (La.1984), on remand, 465 So.2d 65 (La.App. 1st Cir.1985); Daney v. Argonaut Ins. Co., 421 So.2d 331 (La. App. 1st Cir.1982). Whether or not he has met that burden must be determined by examining the totality of the evidence, medical and lay. Crawford v. Al Smith P. & H. Service, Inc., 352 So.2d 669 (La.1977); Chiasson v. LaFourche Parish Counsel, 449 So.2d 110 (La.App. 1st Cir.1984). The trial judge, having much discretion in determining the length of benefits, will be reversed only if clearly wrong. Lewis v. Piccadilly, Inc., 489 So.2d 984 (La.App. 1st Cir.1986). See also Coleman v. Crown Zellerbach Corp., 421 So.2d 300 (La.App. 1st Cir.1982).
In the present case, the medical evidence is limited to a certified copy of the records from LSU Medical Center. That documentation reflects treatment of second and third degree burns to plaintiff's left ankle through September 5, 1989. Notations made during the last visit not only describe the wound as "healing very slowly," but also indicate instructions for plaintiff to return for treatment on September 9 and to continue applying medication to "open areas."
*809 Although plaintiff received a note dated August 24, 1989, excusing him from work and suggesting that "the wound should heal in another week," that writing further advised that he should not return to employment until the injury had healed.
Plaintiff's mother recalled a recuperative period of at least two weeks. However, his girlfriend, who daily changed his bandages, testified that the burns prevented him from wearing a shoe and sock for four weeks after the injury. Plaintiff further stated that he declined to return to work during this time for fear that dust from the marble-making powder would invade his wounds and aggravate his condition. Dissatisfied with defendant's lack of concern for his welfare, plaintiff finally went to work for another employer on October 5, 1989, approximately six and one-half weeks post-injury.
In addition to the foregoing testimony, the lower court had the opportunity to observe the residual scarring on plaintiff's left ankle. Upon reviewing the record as a whole, we cannot say that the lower court's finding of duration of disability is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Thus, this assignment also lacks merit.

Penalties and Attorney's Fees
By brief, plaintiff-appellee seeks damages for frivolous appeal and an increase in the attorney's fees. These issues, however, being presented by neither independent appeal nor answer to the appeal, are not properly before the court and will not be considered. LSA-C.C.P. Art. 2133; Hilbun v. Hilbun, 498 So.2d 1127 (La.App. 3d Cir.1986). See also Cheramie v. Vegas, 413 So.2d 1343 (La.App. 1st Cir.1982).

CONCLUSION
For the foregoing reasons, the judgment is affirmed with all costs assessed to appellant.
AFFIRMED.