713 So.2d 814 (1998)
Saul DAVIS
v.
SHERATON OPERATING CORPORATION.
No. 97-CA-2784.
Court of Appeal of Louisiana, Fourth Circuit.
May 20, 1998.
*815 John B. Fox, Robert W. "Doc" Booksh, Jr., New Orleans, for Plaintiff/Appellee Saul Davis.
Joseph F. Clark, Jr., McGlinchey Stafford, PLLC, New Orleans, for Defendants/Appellants Sheraton Operating Corporation and CIGNA Insurance Company.
Before BARRY, BYRNES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
The parties stipulated that Saul Davis suffered a job-related ankle injury while employed by Sheraton Operating Company, whose workers' compensation insurer is CIGNA. Davis brought a claim against his employer for permanent partial disability in excess of 25% of the lower right extremity, # 90-04657 on the docket of the Louisiana Office of Workers' Compensation. In that case, the hearing officer rejected Davis's claim of over 25% permanent partial disability and found, inter alia, that Dr. Gordon Nutik, an orthopedist, is Davis's choice of treating physician.
On 12 May 1995, Davis filed a new claim seeking payment for anticipated treatment recommended by Dr. Richard Morse of the Touro Center for Chronic Pain and Disability Rehabilitation. The parties stipulated that this medical claim arises from the 1989 job-related injury.
Following trial, the hearing officer ruled on 14 July 1997 that:
1. Davis continues to have medical problems with his ankle and is entitled, under La.R.S. 23:1203 to medical care consisting of future foot/ankle fusion surgery following a non-response to ankle injections;
2. Dr. Morse's pain management program is not reasonable and necessary;
3. Davis is entitled to treatment by an orthopedist of choice, as his former orthopedist, Dr. Davis, has retired;
4. Sheraton/CIGNA must pay Davis's past, current and future medical bills, including those of Dr. Morse.
Sheraton and CIGNA appeal from the third and fourth provisions of the judgment. Davis, in brief, stipulated that the prior judgment holding Dr. Nutik to be his treating physician is in effect despite the third provision of the 1997 judgment, and that the fourth provision, insofar as it relates to Dr. Morse's medical bills, is limited to reimbursement of $300 paid on behalf of Davis for Dr. Morse's initial examination and report.

STANDARD OF REVIEW
It is a well-settled principle that the provisions of the worker's compensation scheme should be liberally interpreted in favor of the worker. Bynum v. Capital City Press, Inc., 95-1395 (La.7/2/96) p. 5-6; 676 So.2d 582, 586 (La.1996).
The standard of review for findings of fact by a hearing officer in a worker's compensation case is "manifest error," and it is the appellate court's duty to determine not whether the fact finder's conclusion was right or wrong, but whether it was reasonable. Where there are two permissible views of the evidence, a fact finder's choice between them can never be manifestly erroneous. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97) p. 4; 704 So.2d 1161, 1164.

FIRST ASSIGNMENT OF ERROR: The worker's compensation judge erred as a matter of law in ordering the defendant to pay all medical expenses of a physician whose treatment the judge specifically and explicitly found not to be reasonable and necessary.
Davis did not appeal or answer Sheraton's appeal to seek reversal of the judgment *816 insofar as it finds that Dr. Morse's extensive pain management treatment program was not reasonable or necessary. That finding limits the judgment's provision concerning payment of Dr. Morse's medical fees to the $300 incurred by Davis for the initial examination and report. Davis in brief agrees with that limiting interpretation of the judgment below.
La.R.S. 23:1121(B) allows a worker's compensation claimant to select one treating physician in any field or specialty and provides that the claimant is not required to obtain approval from his employer or workers' compensation carrier for a change to a treating physician in another field or specialty. The 1988 amendment to the statute, in subsection B, added the sentence relating to employees changing to a treating physician in a different field or specialty. Historical and Statutory Notes to La.R.S. 23:1121. Because a claimant's entitlement to benefits is governed by the law in effect at the time of claimant's accident, this amendment is applicable to Davis's 1989 injury. Chevalier v. L.H. Bossier, Inc., 95-2075 (La.7/2/96) p. 4-5; 676 So.2d 1072, 1075.
According to his report of 2 February 1995, Richard H. Morse, M.D. is director of the Touro Center for Chronic Pain and Disability Rehabilitation. It is clear from the record that Dr. Nutik is an orthopedist. Implicit in the hearing officer's judgment is a finding that Dr. Morse and Dr. Nutik represent two different specialties. After having received orthopedic treatment from 1989 to 1992, and by his and his wife's testimony, continuing to suffer ankle pain, Davis sought treatment by Dr. Morse, a pain specialist or physiatrist. We find that the record as a whole supports the conclusion that Davis sought treatment through a different specialty, as authorized by La.R.S. 23:1121(B).
Attached to the report is a receipt showing appellee counsel's payment of $300 to Dr. Morse for Initial Comprehensive Consultation. The record supports judgment reimbursing Davis for this $300 fee. Sheraton/CIGNA's specification of error does not address the issue of the $300 reimbursement. Insofar as it addresses future medical treatment by Dr. Morse, in light of Davis's stipulation in brief and decision not to appeal that portion of the judgment finding the proposed treatment to be neither reasonable nor necessary, the specification of error is moot.

SECOND ASSIGNMENT OF ERROR: The worker's compensation judge erred in permitting the claimant to change treating orthopedist from the practitioner named as the treating physician in a prior judgment in the same proceeding.
Davis stipulated in brief that Dr. Gordon Nutik is his treating orthopedist to perform the recommended injection therapy and, if necessary, ankle arthrodesis. This specification of error is moot.

CONCLUSION AND DECREE
The fourth provision of the judgment below is unartfully drawn, and is susceptible of an interpretation inconsistent with the conclusion contained in the second provision that the pain management program recommended by Dr. Richard Morse is not reasonable and necessary. However, in light of Davis's stipulation and decision not to appeal the judgment, we conclude that the fourth provision of the judgment, insofar as it relates to Dr. Morse's medical bills, limits reimbursement to the $300 advanced on Davis's behalf for his initial comprehensive examination and report by Dr. Morse.
AFFIRMED.