LEON A. CANNIZZARO, JR., Judge.
This case involves an appeal from the decision of a workers’ compensation judge. The workers’ compensation claimant, Ronald Evans, requested that his employer, Waste Management of New Orleans, pay for surgery that had been recommended by the orthopedic surgeon who was treating him. Waste Management denied the request, and Mr. Evans asserted his claim before a workers’ compensation judge, who also denied the claim.
FACTS
Mr. Evans sustained injuries in a work-related accident while he was employed by Waste Management. After the accident, Mr. Evans received workers’ compensation payments based on his wages.
Mr. Evans was treated by an orthopedist, Dr. John Watermeier, who recommended that Mr. Evans undergo two surgical procedures, arthroscopic surgery[1] on his right shoulder and cervical surgery[2]. Before Waste Management | ¿would approve either the arthroscopic surgery on his shoulder or the cervical surgery, Waste Management required a second medical opinion.
Mr. Evans was then examined by Dr. Robert Steiner, an orthopedic surgeon selected by Waste Management, who agreed that the arthroscopic surgery was needed. Dr. Steiner, however, would not approve the cervical surgery, because he did not think that it would relieve Mr. Evans’ symptoms. Based on Dr. Steiner’s and Dr. Watermeier’s recommendations, Waste Management approved the arthroscopic surgery, which was performed.
Because Dr. Steiner and Dr. Watermeier differed regarding the need for cervical surgery, an independent medical examination was obtained. Dr. Warren Bourgeois, an orthopedic surgeon, was appointed to conduct an independent examination of Mr. Evans. Dr. Bourgeois issued a report of the examination, but he did not specifically state whether or not cervical surgery was indicated in Mr. Evans’ case. Waste Management and Mr. Evans filed a joint motion asking the workers’ compensation judge to request a supplemental report from Dr. Bourgeois. Almost fifteen months after the original report was made, Dr. Bourgeois issued a supplement to the report stating that he did not believe that cervical surgery would help Mr. Evans’ condition.
After a trial and after reviewing all of the physicians’ reports, the workers’ compensation judge rendered his opinion. He held that Mr. Evans did not carry his *40 burden of proving that he was entitled to cervical surgery. The judgment also held that each party was to pay that party’s own costs.
STANDARD OF REVIEW
In Davis v. Sheraton Operating Corp., 97-2784, p. 2 (La.App. 4 Cir. 5/20/98), 713 So.2d 814, 815, this Court stated that “[t]he standard of review for | ¡¡findings of fact by a hearing officer in a worker’s [sic] compensation case is ‘manifest error,’ and it is the appellate court’s duty to determine not whether the fact finder’s conclusion was right or wrong, but whether or not it was reasonable.” Id. See also Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). This Court further stated that “[w]here there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous.” 97-2784, p. 2, 713 So.2d at 815, citing Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/2/97), 704 So.2d 1161, 1164.
The same standard of review applies whether the evidence before the trier of fact consists solely of written reports, records, and depositions or whether there is live testimony from which the trial court judge can observe the demeanor of the witnesses. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 709-10. The “manifest error-clearly wrong” standard precludes setting aside the factual findings by a trier of fact unless the findings are clearly wrong in light of the entire record. Id. See also Rosell v. ESCO, 549 So.2d 840 (La.1989).
DISCUSSION
Appointment of Independent Physician
La. R.S. 23:1203(A) requires an employer subject to the Louisiana Workers’ Compensation Law, La. R.S. 23:1021 et. seq., to furnish all necessary medical treatment to an employee who is injured in a work-related accident. La. R.S. 23:1203(A) reads in relevant part as follows:
In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and • any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or | ¿private facilities as will provide the injured employee with such necessary services.
In cases where there is a dispute regarding the condition of the employee, an independent medical examiner may be appointed pursuant to La. R.S. 23:1123, which reads as follows:
If any dispute arises as to the condition of the employee, the director [of the Office of Workers’ Compensation], upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
The assessment of the necessity of medical treatment is a factual determination that is made by the workers’ compensation judge, and the judge’s factual findings are subject to the “manifest error-clearly wrong” standard discussed above. To recover medical expenses under La. R.S. 23:1203(A), an employee must prove by a preponderance of the evidence that the expenses are reasonably necessary for the treatment of a medical condition caused by a work-related injury. Schindler v. Orleans Regional Security, 2003- *41 0522, p. 9 (La.App. 4 Cir. 12/3/03), 862 So.2d 1032, 1039.
Assignments of Error
In the instant case Mr. Evans has asserted three assignments of error. First, he asserts that the workers’ compensation judge erred in denying his claim regarding the necessity of the cervical surgery. Next, he asserts that the workers’ compensation judge erred in denying his motion to quash Dr. Bourgeois’ reports. Finally, he asserts that the workers’ compensation judge erred in failing to award him penalties and attorneys’ fees.
| ^Necessity of Cervical Surgery
The medical evidence before the workers’ compensation judge consisted of the medical reports of three orthopedic surgeons. Mr. Evans’ treating orthopedic surgeon, Dr. Watermeier, clearly thought that Mr. Evans needed cervical surgery. Dr. Steiner, Waste Management’s orthopedic surgery expert, clearly thought that cervical surgery was not warranted, and the independent medical examiner, Dr. Bourgeois, also an orthopedic surgeon, agreed with Dr. Steiner.
Dr. Steiner reviewed Mr. Evans’ medical records, including the findings from the EMG studies[3], nerve conduction studies[4], and MRI studies[5] performed on Mr. Evans. After conducting a physical examination of Mr. Evans, he reported that “I do not believe his symptoms are due to cervical disc pathology and would not recommend the patient undergo anterior cervical discectomy and fusion.”
Dr. Bourgeois reviewed the medical records and diagnostic tests that were reviewed by Dr. Steiner, and he also examined Mr. Evans. Dr. Bourgeois originally issued a detailed written evaluation of Mr. Evans’ medical condition relating to his injury, but he did not give an opinion regarding the necessity of surgery of the cervical spine. Fifteen months after the original evaluation was issued, Dr. Bourgeois, at the request of the workers’ compensation judge, issued a supplemental report stating in relevant part as follows:
Mr. Ronald Evans’ “cervical problem” in my opinion is due to a traction injury to the C7 and C8 nerve roots. His MRI shows a disc herniation of degenerative type at the C4-C5 level. Obviously these two findings are inconsistent. The symptoms he describes in his right | fihand are further inconsistent with the etiology being a right later C4-C5 disc protrusion. As such, I do not believe that cervical discectomy and fusion are indicated. I do not believe it will help his subjective complaints and it will not help alleviate the condition detected by EMG and nerve conduction study. If he has any type of neurological deficit, it is due to the traction injury, which is not amendable or correctable in any way by anterior cervical discectomy and fusion. I do not believe that surgery will help this condition.
In the instant case the workers’ compensation judge had to determine which of the medical opinions regarding the cervical surgery was correct. In Williams v. Wal-Mart Stores, Inc., 2000-0863, (La.App. 4 Cir. 5/16/01), 787 So.2d 1134, this Court *42 discussed the weight to be given to medical opinions. This Court stated:
Claimant’s other argument is that the trial court erred in failing to accord greater weight to the opinion of claimant’s treating physician than to the physician who examined claimant solely for litigation purposes. The general rule is that the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. However, the treating physician’s testimony is not irrebuttable, and the trier of fact is required to weigh the testimony of all medical witnesses.
2000-0863, p. 6, 787 So.2d at 1137 (citations omitted). In Jaeckle v. Dresser Industries, Inc., 457 So.2d 646, 648 (La.1984), the Louisiana Supreme Court said that “[t]he diagnosis and opinion of the treating physician are entitled to more weight than those of doctors examining the plaintiff for consultation for litigation purposes only.”
In the instant case, however, Dr. Bourgeois was not simply examining Mr. Davis for consultation for litigation purposes as an expert witness for a particular litigant. He was an independent medical practitioner appointed pursuant to La. R.S. 23:1123 to examine Mr. Evans. In Green v. Louisiana Coca Cola Bottling Co., 477 So.2d 904 (La.App. 4 Cir.1985), this Court discussed the weight to be given to an expert appointed under La. R.S. 23:1123. This Court stated:
The significant weight given to the opinion of the court appointed expert can vary in accordance with the various factors which a trial judge utilizes in evaluating the testimony of any other witness. Thus, the significant weight can be lesser or greater depending on the qualifications or expertise of the physician, the type of examination he performs, his opportunity to observe the patient, his review of other physicians’ examinations and tests, and any other relevant factors.
477 So.2d at 906.
In making his determination that Mr. Evans was not entitled to the cervical surgery that had been recommended by Mr. Evans’ treating physician, the workers’ compensation judge relied on the medical opinions of Dr. Steiner arid Dr. Bourgeois. There were two permissible views of the evidence, and, therefore, neither was unreasonable. See Davis v. Sheraton Operating Corp., 97-2784, p. 2 (La.App. 4 Cir. 5/20/98), 713 So.2d 814, 815. Based on our review of the entire record, we find that the determination of the workers’ compensation judge was reasonable and that the judgment was neither manifestly erroneous nor clearly wrong. It should, therefore, be affirmed.

Motion to Quash Dr. Bourgeois’ Reports

Mr. Evans contends in his second assignment of error that the workers’ compensation judge erred by not granting his motion to quash the reports prepared by Dr. Bourgeois. He asserts that Dr. Bourgeois’ initial report and the supplemental report rendered fifteen months later should not have been considered by the workers’ compensation judge, because the initial report did not mention the cervical spirie. From that Mr. Evans infers that Dr. Bourgeois’ examination did not include an examination of the cervical spine. Also, Mr. Evans contends that the delay in [gobtaining a complete report from Dr. Bourgeois diminished its accuracy and validity. Mr. Evans further contends that Dr. Bourgeois’ supplemental report failed to state exactly what records were reviewed. Finally, Mr. Evans contends that his medical condition had changed subsequent to Dr. Bourgeois’ examination.
It is clear from Dr. Bourgeois’ initial report and his supplemental report that he *43 did review the findings from the EMG and MRI studies that were performed on Mr. Evans. Both reports refer to these findings. The fact that the need for cervical surgery was not directly addressed in Dr. Bourgeois’ initial report does not mean that Dr. Bourgeois did not examine Mr. Evans’ cervical spine. Dr. Bourgeois’ initial report refers to the cervical MRI that was performed and to the pathology noted in the cervical spine by the physician who interpreted the second EMG study that was done. The supplemental report clearly refers to the “cervical problem” and opines that “cervical discectomy and fusion” are not indicated.
Mr. Evans presented his concerns regarding Dr. Bourgeois’ reports to the workers’ compensation judge, and the judge stated on the record that he would consider all of those concerns when he decided what weight to give to Dr. Bourgeois’ reports. The judge also said that “this report is not going to be the determinative [sic] of any decision I make.... I’ll take it as his opinion, a snapshot.” The judge further stated:
I’ll look at it. I would have similar questions as to his methodology, whether he took this seriously. I don’t know what he did. There is nothing that I read into this and I’ve looked through it that it’s tainted or something. I don’t think there is anything bias [sic] about it, you know. That’s why people get third and fourth, fifth opinions. They may not like the way the doctor went about it. So I will take all of that into account.
IsConsidering the treatment given to the evidence in Dr. Bourgeois’ reports by the workers’ compensation judge, we find that Mr. Evans’ arguments regarding the need to quash Dr. Bourgeois’ reports are without merit.

Penalties and Attorneys’ Fees

Mr. Evans has requested that we assess penalties and attorneys’ fees against Waste Management, because it denied the recommendation for cervical surgery made by his treating physician. Because we find that the workers’ compensation judge’s decision was not manifestly erroneous or clearly wrong, this issue is moot, because the judge did not find that Mr. Evans was entitled to the surgery.
CONCLUSION
The judgment appealed by Mr. Evans was neither manifestly wrong nor clearly erroneous. The judgment is affirmed.
AFFIRMED.

. Arthroscopic surgery, also known as ar-throscopy, is a process used to operate on a joint using an arthroscope. An arthroscope is a narrow, tubular instrument equipped with surgical instruments and a small camera. Arthroscopic surgery eliminates the need to open a joint with a large incision.

. Cervical surgeiy is surgery on that part of the spine that is located in the area of the neck.

. EMG, an acronym for electromyography, is a test that assesses the health of the muscles and the nerves controlling the muscles.

. Nerve conduction studies determine how well individual nerves can transmit electrical signals.

.MRI, an acronym for magnetic resonance imaging, is a diagnostic procedure that uses a magnetic field to provide three-dimensional images of internal body structure. Mr. Evans had MRI studies of his right shoulder and his cervical spine.