# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-408

**MILDRED DELOACH**

**VERSUS**

**FARA INSURANCE SERVICES, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
## PARISH OF RAPIDES, DOCKET NO. 13-08230
## HONORABLE JAMES L. BRADDOCK, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy and John E. Conery, Judges.

**AFFIRMED.**

**Amy, J., concurs and assigns reasons.**

**Conery, J., concurs in the result.**

W. Jay Luneau
Graham M. Brian
Luneau Law Office
1239 Jackson Street
Alexandria, LA 71301
(318) 767-1161
**ATTORNEY FOR PLAINTIFF/APPELLANT**
    Mildred Deloach

James D. "Buddy" Caldwell, Attorney General
Leanne L. Bridges, Assistant Attorney General
429 Murray Street, 4th Floor
P.O. Box 1710
Alexandria, LA 71309-1710
(318) 487-5944
**ATTORNEY FOR DEFENDANT/APPELLEE**
    State of Louisiana through FARA Insurance Services

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Claimant, Mildred Deloach, sustained a work-related head injury on October 6, 2009, while employed at the LSU Agricultural Center. FARA Insurance Services, the third party administrator of Claimant's workers' compensation claim, accepted her claim as compensable and she was approved for her choice of physician, Dr. Arsham Naalbandian, a neurologist.

Claimant treated with Dr. Naalbandian from November, 2009 through November 22, 2010, complaining of primarily of headaches and problems with her vision. In his report issued on November 22, 2010, Dr. Naalbandian opined that Claimant "neurologically has done well" and there "has been no recurrence of headaches." There was still a complaint of blurred vision and "some visual loss" to the left side. Dr. Naalbandian concluded that Claimant's "[p]ossible history of post-traumatic headaches. . . seem to have resolved." As to her complaints of visual loss, Dr. Naalbandian noted she was being treated by "Dr. Lyons who is her primary ophthalmologist in Shreveport regarding her history of ocular histoplasmosis and hopefully will have his updated reports." Dr. Naalbandian scheduled Claimant "for re-evaluation and followup within the next two or three months."

Following the November 22, 2010 visit, Claimant did not return to see Dr. Naalbandian again until March of 2013. Dr. Naalbandian requested an Electroencephalogram (EEG), a Brain Stem Auditory Evoked Response test and Visual Evoked Response test be performed on Claimant, which came back normal. Claimant notes, despite the two and one-half year gap between visits with Dr. Naalbandian, FARA approved the continued visits and tests recommended by Dr. Naalbandian.

On October 14, 2013, Claimant requested an evaluation with Dr. Gerald Leglue, a physiatrist. On November 19, 2013, Claimant filed a Form 1008 disputed claim, requesting to see Dr. Leglue and asserting entitlement to penalties and attorney fees. On December 3, 2013, Claimant filed a Motion for Expedited Hearing pursuant to La.R.S. 23:1121, which was set for December 16, 2013.

On December 8, 2013, FARA issued to Dr. Naalbandian a questionnaire concerning Claimant's current medical status in relation to her work accident of October 6, 2009. FARA noted in the correspondence to Dr. Naalbandian that his November 22, 2010 report opined that Claimant's post-traumatic headaches appeared to have resolved and that the March 27, 2013 diagnostic studies all appeared to be normal. The following day, December 9, 2013, FARA issued a 1002 Notice of Controversion stating Claimant's rights to medical benefits are disputed and have been denied because causation of the current medical complaints as related to the compensable injury was being disputed. It also stated that further medical treatment was being controverted pending a response from Dr. Naalbandian regarding causation.

On December 16, 2013, the workers' compensation judge (WCJ) heard the motion for expedited hearing seeking care from Dr. Leglue. In his oral reasons for judgment, the WCJ ruled as follows:

> At this time, the Court will deny the expedited motion to see Dr. Leglue. The basis the Court denies it is because I have no evidence of anything that Mr. Brian has argued to the Court with respect to Ms. Deloach. She's presented no documentary evidence to support these arguments. She hasn't testified today in support of the argument. Simply put, there's no evidence to support her claim to see a physiatrist for a head injury and headaches associated with that injury.

This appeal followed, wherein Claimant asserts the WCJ committed legal error by placing the burden of proof on Claimant, when the burden should have rested with FARA to show the treatment requested by Claimant was not medically necessary.

3

## ANALYSIS

Louisiana Revised Statutes 23:1121(B)(1), which concerns an employee's right to select a physician, states:

> B. (1)  The employee shall have the right to select one treating physician in any field or specialty.  The employee shall have a right to an expedited summary proceeding pursuant to R.S. 23:1201.1(K)(8), when denied his right to an initial physician of choice. . . . The workers' compensation judge shall order the employer or payor to authorize the claimant's choice of physician unless the employer or payor can show good cause for his refusal. After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. ***The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.***

(Emphasis added.)

Thus, the statute provides an injured employee has an absolute right to select one physician in any field without the approval of the employer.  *Smith v. Southern Holding Inc.*, 02-1071 (La. 01/28/03), 839 So.2d 5.  The selection of a new physician in a different specialty does not require approval.  *Thompson v. The Animal Hosp.*, 39,154 (La.App. 2 Cir.12/15/04), 889 So.2d 1193, citing *Davis v. Sheraton Operating Corp.*, 97-2784 (La.App. 4 Cir. 5/20/98), 713 So.2d 814.

However, La.R.S. 23:1201(F)(2) also provides that "[t]his subsection shall not apply if the claim is reasonably controverted[.]"  Where a claim has been reasonably controverted, the imposition of penalties and attorney fees under La.R.S. 23:1201 is precluded. *Nelson v. Windmill Nursery of La., L.L.C.*, 04-1941 (La.App. 1 Cir. 9/23/05), 923 So.2d 709, *writ denied*, 05-2294 (La. 3/10/06), 925 So.2d 516.  The law is clear that to determine if a claim has been reasonably controverted, "a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.

We find the WCJ applied the wrong legal standard in this case. Claimant was given the burden to produce evidence to support her claim to see Dr. Leglue. The burden of proof should have rested with FARA to reasonably controvert Claimant's request to see Dr. Leglue. *Ewing v. Hilburn*, 11-1243 (La.App. 3 Cir. 3/7/12), 88 So.3d 640.

However, we find FARA put forth evidence and testimony to reasonably controvert Claimant's continued need for any medical treatment. The evidence showed Claimant had been approved and was treated by Dr. Naalbandian, her choice of physician, since 2009. After Dr. Naalbandian's report of November 22, 2010, declaring that Claimant's post-traumatic headaches from the work accident appeared to have resolved, there was a two and one-half year gap in treatment before she saw Dr. Naalbandian again in March of 2013. FARA approved her continuing treatment with Dr. Naalbandian, as well as a recommended Electroencephalogram (EEG), a Brain Stem Auditory Evoked Response test and Visual Evoked Response test. All these tests came back normal. It was not until FARA received a request to see Dr. Leglue that it conducted an investigation which revealed Dr. Nallbandian believed her post-traumatic headaches were resolved back in November of 2010 and the March 2013 tests were normal. FARA then filed the appropriate 1002 Notice controverting the claim for medical benefits. Claimant submitted no evidence or testimony to rebut FARA's submissions supporting its position that the requested medical treatment was not medically necessary.

The WCJ denied the request to see Dr. Leglue, finding there was nothing in the record to support additional medical treatment pending the follow-up report from Dr. Naalbandian, who was the Claimant's treating physician. The record

5

supports this finding, and the judgment appealed from is affirmed. All costs of this appeal are assessed to Claimant-Appellant, Mildred Deloach.

**AFFIRMED.**

NUMBER 14-408

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

MILDRED DELOACH

VERSUS

FARA INSURANCE SERVICES, ET AL.

AMY, J., concurring.

I agree with the majority that an affirmation is warranted in this case and with the majority's conclusion that the trial court inappropriately shifted the burden of proof to the claimant, thus warranting a *de novo* review. *See Tulane Univ. Hosp. & Clinic v. Lockheed Martin Corp.*, 11-179 (La.App. 4 Cir. 6/29/11), 70 So.3d 988. However, I write separately in light of my view of the interplay between La.R.S. 23:1121 and La.R.S. 23:1201(F).

Ms. Deloach's disputed claim for compensation requested a determination regarding FARA's denial of her choice of physician as well as penalties and attorney fees. La.R.S. 23:1121(B)(1) requires "good cause" on the part of the employer in refusing the claimant's choice of physician, and this court has noted that La.R.S. 23:1121(B) "must be read in conjunction with La.R.S. 23:1203(A), which requires that treatment be medically necessary in order for the employer to be responsible for the expenses." *Krogh v. Tri-State Refrigeration*, 11-697, p. 2 (La.App. 3 Cir. 11/2/11), 79 So.3d 445, 447. Violations of La.R.S. 23:1121 can subject the employer or insurer to penalties and attorney fees pursuant to La.R.S. 23:1201. La.R.S. 23:1201(F). However, an employer or insurer will not be liable for penalties and attorney fees if the claim is reasonably controverted. La.R.S. 23:1201(F)(2).

In my view, FARA provided sufficient evidence to prove that it had "good cause" for denying Ms. Deloach's request to see the physiatrist, Dr. Leglue. As detailed by the majority, Dr. Naalbandian commented in 2010 that Ms. Deloach's work-injury-related headaches appeared to have resolved. Thereafter, there was a significant gap in Ms. Deloach's treatment and, when Ms. Deloach returned, several medical tests showed normal results. Ms. Deloach failed to rebut this evidence. Accordingly, I conclude that FARA showed that the request was not medically necessary and met its burden of proof to show that it had good cause for denying Ms. Deloach's request. Having determined that no violation of La.R.S. 23:1121(B) exists, it is unnecessary to address whether or not the claim was reasonably controverted.

For these reasons, I concur in the majority opinion.