# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 15-357


**MARK D. DUNLAP**

**VERSUS**

**CAJUN LIVESTOCK, LLC, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF AVOYELLES, NO. 14-07710
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges John D. Saunders, Marc T. Amy and D. Kent Savoie.


**APPEAL DISMISSED.**

**Stacy Christopher Auzenne**
**Auzenne Law Firm**
**3600 Jackson Street, #121**
**Alexandria, LA 71303**
**(318) 880-0087**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Cajun Livestock, L.L.C.

**Joseph H. Jolissaint**
**Attorney at Law**
**Post Office Box 83159**
**Baton Rouge, LA 70884**
**(225) 757-5600**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
　　**Mark D. Dunlap**

**SAUNDERS, Judge.**

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, Cajun Livestock, L.L.C., to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a non-appealable, interlocutory order. For the reasons assigned, we hereby dismiss the appeal.

This case involves a worker's compensation claim filed by Plaintiff, Mark D. Dunlap, who was injured in an automobile accident while working as a truck driver for Defendant. On June 25, 2014, the eighteen-wheeler that Plaintiff was driving went off the road and flipped. As a result of that accident, Plaintiff sustained six broken ribs, a shoulder injury, and a fractured vertebra. Defendant scheduled Plaintiff to be treated by an orthopedist named Dr. Karl Hubbard. Subsequently, Defendant denied Plaintiff's request to be treated by Dr. Raymond Williams, an orthopedist of Plaintiff's choosing. The dispute over the choice of physician was set for hearing on December 8, 2014. Following the hearing, the workers' compensation court held that Plaintiff could replace Dr. Hubbard with Dr. Williams as Plaintiff's orthopedic surgeon. A judgment to that effect was signed on January 14, 2015, and the notice of judgment was mailed that same day. On February 26, 2015, Defendant filed a motion to appeal the workers' compensation court's ruling. The appeal record was lodged in this court on April 16, 2015. As stated above, upon the lodging of the record in this appeal, this court issued a rule for Defendant to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory order. Defendant did not file a response to this court's rule to show cause order.

With regard to the January 14, 2015 judgment whereby the worker's compensation court permits Plaintiff to change orthopedic surgeon, we find that

that judgment is interlocutory because it does not decide the merits of the case. *See* La.Code Civ.P. art. 1841. Since this appeal was taken from a non-appealable, interlocutory ruling, we hereby dismiss the appeal at Defendant's cost.

Also, we find that Defendant cannot be permitted to file an application for supervisory review of the interlocutory judgment rendered on January 14, 2015, because Defendant's motion for appeal was filed too late to be considered a timely filed notice of intent to seek a supervisory writ pursuant to Uniform Rules—Courts of Appeal, Rule 4–3.

**APPEAL DISMISSED.**

.