STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-338


MARVIN RAY SCOTT

VERSUS

PACKAGING CORPORATION OF AMERICA



**********


SUPERVISORY WRIT FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 17-05256
DIANNE MAYO, WORKERS' COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Candyce G. Perret, Judges.


**WRIT DENIED.**

**Philip E. Roberts**
**Ungarino & Maldonado, LLC**
**600 Jefferson Street, Suite 850**
**Lafayette, LA 70501**
**(337) 235-5656**
**COUNSEL FOR DEFENDANT/APPLICANT:**
   **Packaging Corporation of America**

**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
   **Marvin Ray Scott**

**J. Michael Nash**
**Ungarino & Maldonado, LLC**
**910 Pierremont Road, Suite 103**
**Shreveport, LA 71106**
**(318) 866-9598**
**COUNSEL FOR DEFENDANT/APPLICANT:**
   **Packaging Corporation of America**

**SAUNDERS, Judge**

## STATEMENT OF THE CASE

The issues presented in this writ application arise out of a claim for workers' compensation brought by Marvin Ray Scott against his employer, PCA, alleging that his hearing loss was caused by his employment at the Boise Paper Mill in DeRidder.[1] Scott retired on July 17, 2017, after being employed at the paper mill since 1969. The 1008 was filed on August 23, 2017.

On January 23, 2018, Scott filed a motion for expedited hearing pursuant to La.R.S. 23:1121. Scott alleged that PCA failed to authorize an initial visit with his choice of treating physician, Dr. Brad LeBert, an otolaryngologist. Scott sought an order from the WCJ directing PCA to authorize the initial visit with Dr. LeBert, to reimburse Scott for the cost of an audiogram, and to pay two penalties and attorney's fees for PCA's arbitrary and capricious behavior.

PCA responded by filing an exception of improper use of summary proceedings alleging that while Scott could utilize summary proceedings to have his choice of physician approved, he could not utilize summary proceedings for the imposition of penalties and attorney's fees. PCA also opposed Scott's motion and alleged that Scott's claim was prescribed.

Scott's motion and PCA's exception came for hearing on February 23, 2018.[2] At the hearing, the WCJ found that PCA did not have a "pliable" defense not to pay for the audiogram and ordered that the medical bill be repaid at full cost, that Scott's choice of treating physician be approved, and that PCA pay two separate penalties of $2,000.00 each and attorney's fees of $3,000.00. Scott's

---

[1] The mill was originally owned by Boise. At some point, PCA bought the mill.
[2] The pertinent court minutes are not attached to the writ application as required by Uniform Rules—Courts of Appeal, Rule 4–5(C)(10). PCA asserts that the minutes were not available at the time the writ was filed. The transcript of the hearing is attached; so, all the necessary information is provided.

counsel was ordered to prepare a judgment. The judgment granting Scott's motion, imposing the penalties and attorney's fees, and denying PCA's exception was signed on March 21, 2018.

PCA timely filed its notice of intent to seek writs, and the WCJ set a return date of April 25, 2018. PCA's request for a stay of the proceedings pending review of the issue was denied. This writ application was timely filed and did not include a request for a stay or for expedited consideration. Scott filed his opposition on May 3, 2018. A supplement was filed by PCA on May 8, 2018. This supplement included a complete copy of PCA's opposition to the motion for expedited hearing. A second supplement was filed by PCA on May 25, 2018. This supplement contained the transcript of the February 23, 2018 hearing.

This matter is presently set for trial on the merits on August 2, 2018

## SUPERVISORY RELIEF

The denial of an exception of unauthorized use of summary proceedings is an interlocutory ruling. *MAPP Construction, LLC v. Amerisure Mutual Insurance Company*, 13-1074 (La.App. 1 Cir. 3/24/14), 143 So.3d 520. "The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933.

Scott contends that the ruling regarding his motion for expedited hearing "appears to constitute a final judgment or order 'not requiring further trial on the merits.'" La.R.S. 23:1201.1(K)(8)(a)(i).) Scott also cites *Ewing v. Hilburn*, 11-1243 (La.App. 3 Cir. 3/7/12), 88 So.3d 640, wherein this court reviewed the denial of penalties and attorney's fees based on the employer's refusal to approve treatment by the claimant's orthopedic surgeon of choice. In *Ewing*, the request

2

for expedited hearing appears to have been the only pleading filed. There is no mention that a 1008 had been filed in *Ewing* as it has in the case sub judice. This court has held that a ruling allowing a claimant to replace his choice of physician was an interlocutory order. *Dunlap v. Cajun Livestock, LLC*, 15-357 (La.App. 3 Cir. 6/10/15), 166 So.3d 1264.

Furthermore, Scott's attorney has sought writs in our sister case, *Kyle v. Boise Cascade Co.*, 18-384. Scott goes on to suggest that this court should act on the present writ application and affirm the ruling awarding Scott penalties and attorney's fees and issue its own judgment ordering PCA to approve a visit with Dr. LeBert.

## ON THE MERITS

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Foster v. Rabalais Masonry, Inc.*, 01-1394, p. 2 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied*, 02-1164 (La. 6/14/02), 818 So.2d 784 (citation omitted). Additionally, "the determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation case is essentially a question of fact, and 'subject to the manifest error/clearly wrong standard of review.'" *Reed v. Abshire*, 05-744 p.4 (La.App. 3 Cir. 2/1/06), 921 So.2d 1224, 1226.

"[G]radual noise induced hearing loss caused by occupational exposure to hazardous noise levels" has been recognized as an occupational disease such that the employee's remedy was in workers' compensation rather than in tort. *Arrant v.*

3

*Graphic Packaging International, Inc.*, 13-2878, p. 2 (La. 5/5/15), 169 So.3d 296, 298.

Louisiana Revised Statutes 23:1121 provides that the employee is entitled to select one treating physician in any field or specialty without the approval of the employer and that if the employer denies that right, the employee "shall have a right to an expedited summary proceeding pursuant to R.S. 23:1201.1(K)(8), when denied his right to an initial physician of choice." *See also Smith v. Southern Holding, Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5. Furthermore, pursuant to La.R.S. 23:1201(F), penalties and attorney's fees may be imposed "for failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by [La.]R.S. 23:1121." *Youngblood v. Covenant Sec. SVC, LLC*, 11-2382, p. 12 (La.App. 1 Cir. 12/21/12), 112 So.3d 233, 241, *writ denied*, 13-0200 (La. 3/8/13), 109 So.3d 363. Scott argues that "because a workers' compensation claimant cannot establish entitlement to workers' compensation benefits (either medical or indemnity) without, at a minimum, an opinion from a treating physician, refusing this initial step would allow an employer to defeat a workers' compensation claim from the outset by simply refusing to authorize an initial visit with claimant's choice of treating physician."

In *Ewing*, 88 So.3d 640, this court noted that the burden of proof rests on the employer to establish that the employee's request to see his choice of physician was reasonably controverted. In that case, this court stated that causation was not the issue and, therefore, found that the employer's conclusion that causation did not exist was not enough to constitute reasonable controversy. Moreover, in *Nelson v. Windmill Nursery of Louisiana, LLC*, 04-1941, p. 4 (La.App. 1 Cir. 9/23/05), 923 So.2d 709, 712, *writ denied*, 05-2294 (La. 3/10/06), 925 So.2d 516, the court stated that "causation of the alleged accident is not an issue in

4

determining whether an employee has been deprived of the right to see a treating physician of her choice."

In *Deloach v. FARA Insurance Services*, 14-408, p. 4 (La.App. 3 Cir. 12/10/14), 154 So.3d 737, 739, this court stated:

> The law is clear that to determine if a claim has been reasonably controverted, "a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.

PCA alleges that Scott's claim is prescribed pursuant to La.R.S. 23:1031.1(E), which provides:

> All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
>
> (1) The disease manifested itself.
>
> (2) The employee is disabled from working as a result of the disease.
>
> (3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.

The WCJ stated: "I think you can prove maybe one or three but two – I don't believe you can prove that the employee is disabled from working as a result of the disease because the last test that he [did] was [] in July of 2008[.]" Even though that test showed some hearing loss, the recommendation was for annual retesting, and there was no mention that the hearing loss prevented Scott from doing his work. PCA recognizes that prescription does not begin to run until all three conditions have been met. But, PCA argues that subpart (2) is met because Scott's hearing loss was documented as early as 1990. This article ignores the wording of that subsection that says: "from working." It is not enough that hearing loss is a disability, it must disable the claimant from working as noted by the WCJ.

5

Additionally, it must be noted that while PCA argues that it has a valid exception of prescription, it also acknowledges that discovery on the issue needs to be completed before it brings the exception of prescription. PCA wanted the WCJ to postpone its ruling on the motion for expedited hearing until it completed discovery and could have its exception of prescription decided. But the WCJ cited *Nelson*, 923 So.2d at 714: "The lack of opportunity to investigate or conduct discovery is irrelevant to reaching a conclusion as to whether Windmill was remiss in not authorizing Nelson to be examined by her choice of physician pursuant to LSA-R.S. 23:1121 B(1). *Brown* [*v. Texas-LA Cartage, Inc.*,] 98-1063 at p. 9 [(La. 12/1/98)], 721 So.2d [885] at p. 9, 721."

PCA is concerned that paying for Scott's hearing test and paying for him to see his physician of choice would constitute an acknowledgment of the claim resulting in the loss of its prescription defense. PCA cites *Estate of Belaire v. Crawfish Town USA*, 15-180 (La.App. 3 Cir. 12/9/15), 182 So.3d 1093, and *Reed v. Mid-States Wood Preservers, Inc.*, 43,799 (La.App. 2 Cir. 12/3/08), 999 So.2d 189, *writ denied*, 09-9 (La. 2/20/09), 1 So.3d 500. In *Estate of Belaire*, 182 So.3d 1093, this court noted that under La.R.S. 23:1209(A), the employer's payment of benefits would interrupt prescription where "the parties have agreed upon the payments to be made under this Chapter." But the issue in *Estate of Belaire*, 182 So.3d 1093, was whether the employer's failure to file a WC-1003 to stop payment of benefits was an acknowledgment of liability. This court found that it was not and that plaintiffs had failed to establish that there was acknowledgment to interrupt prescription. In *Reed*, 999 So.2d 189, this court held that the transmittal of Medicare Set-Aside Analyses from the employer to the claimant was an explicit acknowledgment of the claim that interrupted the three-year prescriptive period provided in La.R.S. 23:1209(C).

6

However, in *Gary v. Camden Fire Insurance Company*, 96-55, p. 5 (La. 7/2/96), 676 So.2d 553, the court noted that La.R.S. 23:1204 provides: "Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter." The court went on to state that:

> Were it not for the existence of La.Rev.Stat. 23:1204, it would seem evident that voluntary payment of compensation benefits constitutes an acknowledgement of the employer's debt to the injured employee. Section 1204, however, encourages voluntary payment of compensation by assuring the employer that his voluntary payment does not, and will not, constitute an admission of liability. Because of Section 1204's statutory command, the voluntary payment of compensation here is not an acknowledgement of debt or liability and does not interrupt prescription under La.Civ.Code art. 3464.

*Gary*, 676 So.2d at 556.

Based on these established tenets, we find that the WCJ did not err in ordering PCA to approve a visit with Scott's choice of physician, Dr. LeBert.

PCA acknowledges that there are cases where awards of penalties and attorney's fees are made in connection with motions for expedited hearings but argues that none of the employers in those cases asserted exceptions of improper use of summary proceedings. However, in *Nelson*, 93 So.2d at 713-14, the employer did argue "that the OWC erred in deciding an issue of penalties and attorney fees under La. R.S. 23:1201(F) via a summary proceeding before Windmill was served and before it had an opportunity to investigate Nelson's claim of injury." The court found that argument to be without merit:

> Windmill had the opportunity to controvert whether it denied Nelson her choice of a physician. Windmill was not denied the right.
>
> . . . .
>
> An award of attorney fees under LSA-R.S. 23:1201 F [sic] is allowed for a violation of LSA-R.S. 23:1121 B(1). The purpose of such an award is to discourage indifference or undesirable conduct by employers. *Williams v. Rush Masonry, Inc.*, 98-2271, pp. 8-9 (La.

7

6/29/99), 737 So.2d 41, 46. Windmill's inaction appears to manifest the sort of indifference to be discouraged by an award of attorney fees. Therefore, the OWC's decision to award Nelson attorney fees was not manifestly erroneous or clearly wrong.

*Nelson*, 923 So.2d at 714.

Accordingly, we find that the WCJ did not err in denying PCA's exception of unauthorized use of summary proceedings.

**WRIT DENIED.**