# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-384


BLANN KYLE

VERSUS

BOISE CASCADE COMPANY



\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 17-06062
ANTHONY PALERMO, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy. And Candyce G. Perret,
Judges.


**WRIT GRANTED IN PART AND MADE PEREMPTORY.
WRIT DENIED IN PART AND REMANDED WITH INSTRUCTIONS.**

**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
    **Blann Kyle**

**J. Michael Nash**
**Ungarino & Maldonado, LLC**
**910 Pierremont Road, Suite 103**
**Shreveport, LA 71106**
**(318) 866-9598**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Boise Cascade Company**

**SAUNDERS, Judge**

The issues presented in this writ application arise out of a claim for workers' compensation brought by Blann Kyle ("Kyle") against his employer, Boise, alleging that his hearing loss was caused by his employment at Boise's Paper Mill in DeRidder, Louisiana. Kyle retired on June 4, 2010, after being employed at the paper mill since 1976. The 1008 was filed on September 19, 2017.

On January 23, 2018, Kyle filed a motion for expedited hearing pursuant to La.R.S. 23:1121. Kyle alleged that Boise failed to authorize an initial visit with his choice of treating physician, Dr. Brad LeBert, an otolaryngologist. Kyle sought an order from the WCJ directing Boise to authorize the initial visit with Dr. LeBert, to reimburse Kyle for the cost of an audiogram, and to pay two penalties and attorney's fees for Boise's arbitrary and capricious behavior.

Boise opposed the motion and alleged that Kyle's claims were prescribed. Boise also argued that Kyle's request for penalties and attorney's fees in his motion for expedited hearing was an unauthorized use of summary proceedings.

Kyle's motion came for hearing on February 20, 2018.[1] The WCJ took the matter under advisement. On March 9, 2018,[2] the WCJ issued an oral ruling denying Kyle's motion and found that "there is a tenuous link between the alleged hearing loss" and Kyle's employment such that Boise had "good cause for the refusal of the choice of physician." A judgment denying Kyle's motion was signed on April 16, 2018.

Kyle timely filed his notice of intent to seek writs, and the WCJ set a return date of May 16, 2018. This writ application was timely filed.

No trial date has been set.

---

[1] This was three days before the hearing in the *Scott* case which is currently before this court under Docket Number: 18-338.

[2] The ruling in *Scott* was made on February 23, 2018, but a judgment was not signed until March 21, 2018.

## SUPERVISORY RELIEF

In our sister case, *Scott v. Packaging Corp. of America,* 18-338, Kyle's counsel contended that the ruling granting Scott's motion for expedited hearing "appears to constitute a final judgment or order 'not requiring further trial on the merits.'" La.R.S. 23:1201.1(K)(8)(a)(i).) Kyle's counsel also cited *Ewing v. Hilburn*, 11-1243 (La.App. 3 Cir. 3/7/12), 88 So.3d 640, wherein this court reviewed the denial of penalties and attorney's fees based on the employer's refusal to approve treatment by the claimant's orthopedic surgeon of choice. In *Ewing*, the request for expedited hearing appears to have been the only pleading filed. There is no mention that a 1008 had been filed in *Ewing* as one had been in the *Scott* case and the case sub judice. This court has held that a ruling allowing a claimant to replace his choice of physician was an interlocutory order. *Dunlap v. Cajun Livestock, LLC*, 15-357 (La.App. 3 Cir. 6/10/15), 166 So.3d 1264.

Counsel for Kyle asserts that this court has supervisory jurisdiction in this case because Kyle will suffer irreparable injury if the WCJ's ruling is not reversed.

## ON THE MERITS

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Foster v. Rabalais Masonry, Inc.*, 01-1394, p. 2 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied*, 02-1164 (La. 6/14/02), 818 So.2d 784 (citation omitted). Additionally, "the determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation case is essentially a question of fact, and 'subject to the manifest error/clearly wrong standard of

2

review.'" *Reed v. Abshire*, 05-744 p. 4 (La.App. 3 Cir. 2/1/06), 921 So.2d 1224, 1226.

"[G]radual noise induced hearing loss caused by occupational exposure to hazardous noise levels" has been recognized as an occupational disease such that the employee's remedy was in workers' compensation rather than in tort. *Arrant v. Graphic Packaging International, Inc.*, 13-2878, p. 2 (La. 5/5/15), 169 So.3d 296, 298.

Louisiana Revised Statutes 23:1121 provides that the employee is entitled to select one treating physician in any field or specialty without the approval of the employer and that if the employer denies that right, the employee "shall have a right to an expedited summary proceeding." *See also Smith v. Southern Holding Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5. The WCJ "shall order the employer or payor to authorize the claimant's choice of physician unless the employer or payor can show good cause for his refusal." La.R.S. 23:1121(B)(1). Furthermore, pursuant to La.R.S. 23:1201(F), penalties and attorney's fees may be imposed "for failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by [La.]R.S. 23:1121." *Youngblood v. Covenant Sec. SVC, LLC*, 11-2382, p. 12 (La.App. 1 Cir. 12/21/12), 112 So.3d 233, 241, *writ denied*, 13-0200 (La. 3/8/13), 109 So.3d 363.

In *Deloach v. FARA Insurance Services*, 14-408, p. 4 (La.App. 3 Cir. 12/10/14), 154 So.3d 737, 739, this court stated:

> The law is clear that to determine if a claim has been reasonably controverted, "a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.

3

Boise alleges that Kyle's claim is prescribed pursuant to La.R.S. 23:1031.1(E), which provides:

> All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
>
> (1) The disease manifested itself.
>
> (2) The employee is disabled from working as a result of the disease.
>
> (3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.

The WCJ stated: "[t]here is a tenuous link between the alleged hearing loss and the employment at Boise Cascade Holdings, LLC. The Court finds that based on the evidence presented, that there was good cause for the refusal of the choice of physician. The Court[,] therefore[,] denies the motion for expedited hearing."

Kyle argues that the WCJ had nothing on which to base his finding of good cause since exhibits 1-6 offered by Boise were excluded from evidence, as so much information was redacted that in order for it to be allowed into evidence, there would have to be testimony authenticating it and because the documents were not sufficiently identified. The exhibits were proffered. They are contained in the writ application at pages 43-48. We find that due to the redactions, no useful information can be gleaned from them. Two pages from Kyle's deposition were received into evidence as D-7 without objection. This exhibit is not contained in the writ application. Reportedly, the deposition testimony establishes that Kyle had a hearing test in 2008 or 2009 that showed some hearing loss. We find that this does not establish good cause because it is not enough "to reasonably counter the factual and medical information presented by the claimant." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.

4

What is clear from Boise's argument is that counsel for Boise admits that "we don't know whether [Kyle] . . . [is] disabled or not because we haven't completed discovery." Counsel for Boise states that the issue is "if the claim is prescribed, is that good cause to deny the request for the claimant to have his initial choice of physician." But, counsel for Boise also notes that he is not asking the court to rule on prescription because discovery is incomplete.

We find that for the reasons given in the *Scott* case, the motion for expedited hearing should have been granted in this case. While the WCJ found a "tenuous link," causation is not the issue. In *Nelson v. Windmill Nursery of Louisiana, LLC*, 04-1941, p. 4 (La.App. 1 Cir. 9/23/05), 923 So.2d 709, 712, *writ denied*, 05-2294 (La. 3/10/06), 925 So.2d 516, the court stated that "causation of the alleged accident is not an issue in determining whether an employee has been deprived of the right to see a treating physician of her choice." Then, in *Ewing*, 88 So.3d 640, this court noted that the burden of proof rests on the employer to establish that the employee's request to see his choice of physician was reasonably controverted. In that case, this court stated that causation was not the issue and, therefore, found that the employer's conclusion that causation did not exist was not enough to constitute reasonable controversy.

Kyle asks this court to reverse the WCJ's ruling and notes that courts "have consistently awarded penalties and attorney fees in circumstances where the employer refuses to authorize at least the initial visit. Kyle does not ask this court to award penalties and attorney's fees. We find that there is no evidence on which to base a finding that Boise reasonably controverted Kyle's request to see Dr. LeBert. Accordingly, we remand this matter for a determination of whether penalties and attorney's fees are appropriate under the facts of this case.

**WRIT GRANTED IN PART AND MADE PEREMPTORY. WRIT DENIED IN PART AND REMANDED WITH INSTRUCTIONS.** We find that the Workers' Compensation Judge (WCJ) committed manifest error in denying Blann Kyle's motion for expedited hearing and that ruling is hereby reversed. Louisiana Revised Statutes 23:1121 provides that the employee is entitled to select one treating physician in any field or specialty without the approval of the employer and that if the employer denies that right, the employee "shall have a right to an expedited summary proceeding." *See also Smith v. Southern Holding Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5. Furthermore, the WCJ "shall order the employer or payor to authorize the claimant's choice of physician unless the employer or payor can show good cause for his refusal." La.R.S. 23:1121(B)(1). The WCJ excluded six exhibits submitted by Boise Cascade Company (Boise) in opposition to the motion for expedited hearing. Two pages of Kyle's deposition testimony were admitted into evidence as D-7 without objection but are not included in the filings in this court. While the WCJ found a "tenuous link," causation is not the issue. *Nelson v. Windmill Nursery of Louisiana, LLC*, 04-1941, (La.App. 1 Cir. 9/23/05), 923 So.2d 709, *writ denied*, 05-2294 (La. 3/10/06), 925 So.2d 516.

Therefore, the motion for expedited hearing is hereby granted, and Boise is ordered to approve and authorize Kyle's choice of physician, Dr. Brad LeBert. The matter is remanded for a determination of whether or not Kyle is entitled to reimbursement of the cost of the audiogram and/or penalties and attorney's fees for Boise's failure to approve and authorize the choice of physician and for the failure to reimburse the cost of the audiogram or whether Boise reasonably controverted Kyle's request to see Dr. LeBert.