# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-630

RODERICK O. NEWMAN

VERSUS

CONCORDIA ELECTRIC COOPERATIVE, INC., AND LWCC

\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR SUPERVISORY WRIT FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 1-E
PARISH OF CATAHOULA, NO. 24-03510
BRENZA IRVING JONES, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Sharon Darville Wilson, and Wilbur L. Stiles, Judges.

**WRIT GRANTED AND MADE PEREMPTORY;
REVERSED; RENDERED; AND REMANDED.**

**Christopher J. Norris**
**Charles S. Norris**
**Norris Law Firm, LLC**
**8 N. Oak Street**
**Vidalia, LA 71373**
**(318) 336-1999**
**COUNSEL FOR PLAINTIFF/RELATOR:**
    **Roderick O. Newman**

**Robert A. Dunkelman**
**C. Cavett Feazel**
**Pettiette, Armand, Dunkelman, Woodley & Cromwell, L.L.P.**
**P.O. Box 1786**
**Shreveport, LA 71166-1786**
**(318) 221-1800**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
    **Concordia Electric Cooperative, Inc.**
    **Louisiana Workers' Compensation Corporation**

**KYZAR, Judge.**

Plaintiff-Relator, Roderick O. Newman, seeks supervisory writs from the judgment of the workers' compensation judge (WCJ), which granted Plaintiff's request for an initial choice of physician but denied an award of penalties and attorney fees. For the reasons herein, we reverse the WCJ's denial of penalties and attorney fees and remand the matter for a determination of the amount of penalties and attorney fees to be awarded.

**FACTS AND HISTORY**

On July 19, 2023, Plaintiff was electrocuted when he picked up a grounding rod and accidentally struck an electrical line. The electrocution occurred while Plaintiff was in the course and scope of his employment with Concordia Electric Cooperative, Inc. (Concordia Electric). After seeking treatment from LaSalle General Hospital's emergency room, it was noted that Plaintiff had experienced burns and blisters bilaterally to his hands and feet. Following his discharge to the care of his primary treating physician, Plaintiff began wound-care treatment on July 25, 2023. The wound-care treatment center diagnosed Plaintiff as having second degree burns to right and left shoulders, right and left upper limbs, right and left wrist and hand, left and right toe, and third degree burns to his left toe during electrocution.

On October 25, 2023, it was determined by Concordia Electric's workers' compensation insurer, Louisiana Workers' Compensation Corporation (LWCC), that the only compensable injuries for Plaintiff's accident were the bilateral hand and foot injuries. After a diagnosis of bilateral carpal tunnel syndrome and bilateral ulnar neuropathy across the elbow by Plaintiff's physical medicine physician, Dr. Gerald Leglue, LWCC further determined that the instant accident did not cover

carpal tunnel syndrome as a compensable injury. Based on this determination, Plaintiff filed a Notice of Disagreement with the Office of Workers' Compensation (OWC) on May 30, 2024, and a disputed claim for compensation regarding Defendants' denial of Dr. Leglue's recommendation for wrist splints and elbow pads. Plaintiff alleges that LWCC did not answer his disputed claim or provide a reason for its denial.

After LWCC denied Dr. Leglue's August 15, 2024 request for a surgical evaluation of Plaintiff's carpal tunnel syndrome, it scheduled a medical conference with him to address his request for surgical evaluation and his diagnosis. During this conference, Dr. Leglue informed Defendants' nurse case manager that Plaintiff's carpal tunnel syndrome and bilateral ulnar neuropathy were acute and directly related to his work-related injury. He opined that electricity running through the nervous system can cause damage to nerves and that these two conditions were confirmed by Plaintiff's EMG/NCS testing. Despite being provided this information by Dr. Leglue, Defendants maintained their denial of the requested authorization.

On September 2, 2024, Plaintiff filed a disputed claim for compensation and a Choice of Physician (COP) Motion to see an orthopedic hand specialist of his choice. At the hearing on this motion, Defendants, LWCC and Concordia Electric, argued that Plaintiff was not entitled to an expedited summary hearing pursuant to La.R.S. 23:1121(B)(1) because the instant request was not an initial request for COP and that penalties and attorney fees under La.R.S. 23:1201(F) could not be awarded in an expedited hearing.[1] The WCJ granted Plaintiff's COP motion but denied his

---

[1] Defendants did not seek a review of whether the expedited summary hearing was improper.

2

request for penalties and attorney fees. Plaintiff now seeks supervisory review of the judgment denying an award of penalties and attorney fees. He also seeks additional attorney fees for the work performed by his counsel in relation to this writ application in the event that he is granted the relief requested herein.

**DISCUSSION**

We first consider whether it is appropriate to address the penalty and attorney fee issue on an application for a supervisory writ of review. Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Med. Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953; *Ferguson v. Progressive Acute Care Avoyelles, LLC*, 17-563 (La.App. 3 Cir. 1/4/18), 237 So.3d 533. Defendants argue that Plaintiff has an adequate remedy by ordinary appeal after a complete adjudication of the suit. On the other hand, Plaintiff requests that this court exercise its supervisory jurisdiction to review and reverse the WCJ's failure to award the requested penalties and attorney fees. Plaintiff supports his argument with La.Const. art. 5, § 10, which authorizes a court of appeal to review an interlocutory judgment of a lower court and grant supervisory writs. Plaintiff asserts that the WCJ's judgment has caused injury to him that, in the interest of judicial efficiency and fundamental fairness, should be remedied before a trial on the merits of his workers' compensation claim.

As Plaintiff's request for penalties and attorney fees stems from Defendants' refusal to allow him to see the orthopedic hand surgeon of his choice, which motion the WCJ granted, we find that it is appropriate for consideration via supervisory review. In *Dunlap v. Cajun Livestock, LLC*, 15-357 (La.App. 3 Cir. 6/10/15), 166 So.3d 1264, this court held that a judgment allowing a workers' compensation claimant to change his physician is an interlocutory judgment rather than a final

appealable judgment. Thus, as an interlocutory judgment, it is appropriate for supervisory review. Further, "[a]n award of attorney fees under LSA–R.S. 23:1201 F is allowed for a violation of LSA–R.S. 23:1121 B(1)[,]" which gives a workers' compensation claimant the right to select a physician. *Nelson v. Windmill Nursery of La., L.L.C.*, 04-1941, p. 7 (La.App. 1 Cir. 9/23/05), 923 So.2d 709, 714, *writ denied*, 05-2294 (La. 3/10/06), 925 So.2d 516. "The purpose of such an award is to discourage indifference or undesirable conduct by employers." *Id.* As the decision to award or deny penalties and attorney fees for a violation of La.R.S. 23:1121(B)(1) is ancillary to the COP decision, it, too, is appropriate for supervisory review.

During the hearing, Defendants presented no evidence to justify their denial of Plaintiff's COP. Although the WCJ granted Plaintiff's COP, she denied the request for penalties and attorney fees:

THE COURT:

> Okay. So I find that he has not had his initial choice in the field that is requested, and so the expedited hearing is appropriate. All right.
>
> . . . .
>
> So if that's the only argument, then as I said, he has not had his initial choice in the requested field, and so I'm granting it for that reason. And more importantly, I'm granting it because it has been recommended by Dr. Leglue. All right?
>
> So the motion for choice of physician is granted. . . .
>
> . . . .

MR. NORRIS:

> Your Honor, again, I would ask that the Court make a ruling on any penalties and attorney's fees that we've requested, Your Honor, in this matter.

4

MR. DUNKELMAN:

And again, Your Honor, where there is a legal issue, penalties and attorney's fees are not typically appropriate.

THE COURT:

I agree. Denied.

Under the facts stated, the WCJ's denial of penalties and attorney fees was based solely on Defendants' argument that, procedurally, Plaintiff was not entitled to an expedited hearing on his COP request.

"The applicable standard of review in determining whether a defendant should be cast with penalties and attorney fees is the manifest error-clearly wrong standard." *Bennett v. Pilgrim's Pride*, 07-753, p. 10 (La.App. 3 Cir. 12/12/07), 972 So.2d 423, 429, *writ denied*, 08-103 (La. 3/7/08), 977 So.2d 907. "Awards of penalties and attorney's fees in workers' compensation are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers." *Williams v. Rush Masonry, Inc.*, 98-2271, pp. 8–9 (La. 6/29/99), 737 So.2d 41, 46.

Initially, regarding whether penalties and attorney fees may be granted in an expedited hearing, this court in *Scott v. Packaging Corp. of Am.*, 18-338, pp. 7–8, (La.App. 3 Cir. 7/5/18), 251 So.3d 466, 471 (alteration in original), affirmed the WCJ's award of penalties and attorney fees and rejected the employer's argument that the plaintiff could not utilize summary proceedings for the imposition of penalties and attorney fees by stating:

> PCA acknowledges that there are cases where awards of penalties and attorney's fees are made in connection with motions for expedited hearings but argues that none of the employers in those cases asserted exceptions of improper use of summary proceedings. However, in *Nelson* [*v. Windmill Nursery of Louisiana, L.L.C.*, 04-1941 (La.App. 1 Cir. 9/23/05)], 923 So.2d [709,] 713–14, the employer did

5

argue "that the OWC erred in deciding an issue of penalties and attorney fees under La. R.S. 23:1201(F) via a summary proceeding before Windmill was served and before it had an opportunity to investigate Nelson's claim of injury." The court found that argument to be without merit:

> Windmill had the opportunity to controvert whether it denied Nelson her choice of a physician. Windmill was not denied the right.
>
> . . . .
>
> An award of attorney fees under LSA–R.S. 23:1201 F [sic] is allowed for a violation of LSA–R.S. 23:1121 B(1). The purpose of such an award is to discourage indifference or undesirable conduct by employers. *Williams v. Rush Masonry, Inc*., 98-2271, pp. 8-9 (La. 6/29/99), 737 So.2d 41, 46. Windmill's inaction appears to manifest the sort of indifference to be discouraged by an award of attorney fees. Therefore, the OWC's decision to award Nelson attorney fees was not manifestly erroneous or clearly wrong.

*Nelson*, 923 So.2d at 714.

Accordingly, we find that the WCJ did not err in denying PCA's exception of unauthorized use of summary proceedings.

In *Ewing v. Hilburn*, 11-1243, pp. 4–5 (La.App. 3 Cir. 3/7/12), 88 So.3d 640, 643–44, this court stated:

> As pointed out in *Nelson v. Windmill Nursery of Louisiana, L.L.C.*, 04-1941, pp. 3–4 (La.App. 1 Cir. 9/23/05), 923 So.2d 709, 712, *writ denied*, 05-2294 (La.3/10/06), 925 So.2d 516:
>
> > LSA R.S. 23:1121 A provides that an injured employee shall submit to examination by a physician provided and paid for by the employer as soon after the accident as demanded. LSA–R.S. 23:1121 B(1) provides that the employer shall have the right to select one treating physician in any field or specialty. An employer's refusal to authorize reasonable and necessary medical treatment for an injured employee may justify an award of penalties and attorney fees. LSA–23:1201 F. *See also Authement v. Shappert Engineering*, 02-1631, p. 8 (La. 2/25/03), 840 So.2d 1181, where the court concluded in a similar contest that failure to authorize medical treatment equates to failure to provide benefits and shall result in the

assessment of penalties and reasonable attorney fees under LSA–R.S. 23:1201 F.

The first circuit went on to hold that the employer's obligation to authorize reasonable and necessary medical treatment for an injured employee does not rise or fall based on proof of causation. *Id.* In summarizing the issue before it, the first circuit stated the following:

> Based upon the clear language of the statute, a penalty and attorney fee can be imposed for this failure to authorize treatment except where the claim is reasonably controverted. LSA–R.S. 23:1201 F(2); *Authement*, 02-1631 at p. 8, 840 So.2d at 1186. Windmill alleges that the penalties were awarded before it had the opportunity to controvert the claim. We disagree.
>
> In *Brown v. Texas–LA Cartage, Inc.*, 98-1063 (La.12/1/98), 721 So.2d 885, the Louisiana Supreme Court discussed the meaning of reasonably controverting a claim. The court stated that generally, "in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits." *Id.* 98-1063 at p. 9, 721 So.2d at 890. It further discussed the issue as follows:
>
>> Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. This definition is in accord with that presently used by the lower courts to determine whether penalties and attorney fees are owed. *Id.*

*Id.* at 713.

Considering the record before us, we find that Defendants had no legal basis to refuse Plaintiff's COP request. The Defendants were informed by Dr. Leglue that Plaintiff's carpal tunnel syndrome was related to his work accident and that a

surgical evaluation was required for that condition. Defendants presented absolutely no evidence to reasonably controvert Dr. Leglue's diagnosis or in defense of their denial of the COP. They simply asserted that Plaintiff was not entitled to an expedited hearing. We, therefore, reverse the WCJ's judgment denying Plaintiff's request for penalties and attorney fees. However, we note that there was no evidence tendered, or argument made by Plaintiff as to a reasonable amount for an award of attorney fees under the specific circumstances here, including the time spent on this particular aspect of the claim. In providing guidance for the setting of attorney fees, the supreme court in *McCarroll v. Airport Shuttle, Inc.,* 00-1123, p. 9 (La. 11/28/00); 773 So.2d 694, 700, stated:

> The amount of attorney fees rests within the discretion of the workers' compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case.

Thus, we remand to the WCJ for a determination as to the amount of penalties and attorney fees that should be awarded.

Plaintiff has also requested an additional award of attorney fees for work performed by his counsel in connection with this writ. "[A] workers' compensation claimant who is successful in defending an appeal may be entitled to an award of additional attorney fees." *McCain v. Motel 6*, 19-653, p. 11 (La.App. 3 Cir. 3/4/20), 297 So.3d 136, 143, *writ denied*, 20-764 (La. 10/6/20), 302 So.3d 535. We, thus, award attorney fees for work associated with this writ in the amount of $2,000.00.

For the reasons set forth, the WCJ's decision denying Plaintiff's request for penalties and attorney fees is reversed, and the matter is remanded for a determination of the penalties and attorney fees to be awarded based on Defendants'

refusal of Plaintiff's COP request. Judgment is further rendered awarding Plaintiff attorney fees in the amount of $2,000.00 for work his counsel performed associated with this writ. All costs connected with this writ are assessed to Defendants, Concordia Electric Cooperative, Inc., and Louisiana Workers' Compensation Corporation.

**WRIT GRANTED AND MADE PEREMPTORY; REVERSED; RENDERED; AND REMANDED.**